Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered March 17, 2015 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted sole custody of the subject children to Robert E. Trombley, Jr.
*1552 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent-petitioner mother has not raised any contentions with respect to the order in appeal No. 1, and we therefore dismiss that appeal (see Abasciano v Dandrea, 83 AD3d 1542, 1545 [2011]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]). Contrary to the contention of the mother in appeal No. 2, Family Court properly dismissed her cross petition seeking custody because she failed to make the requisite evidentiary showing of a change in circumstances to warrant an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement (see Matter of Thompson v Thompson, 124 AD3d 1354, 1354 [2015]; Matter of Miller v Pederson, 121 AD3d 1598, 1599 [2014]). Contrary to the mother’s further contention, the court’s determination to grant in part the petitioner-respondent father’s petition and to modify visitation has a sound and substantial basis in the record (see Matter of Warren v Miller, 132 AD3d 1352, 1354 [2015]).
The court properly denied the mother’s objection to the reappointment of the Attorney for the Children (AFC) (see Matter of Mills v Rieman, 128 AD3d 1486, 1487 [2015]; Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1149 [2010]; Matter of Petkovsek v Snyder [appeal No. 6], 251 AD2d 1087, 1087-1088 [1998], lv dismissed in part and denied in part 92 NY2d 942 [1998]). In making an appointment of an AFC, “the court shall, to the extent practicable and appropriate, appoint the same attorney who has previously represented the child” (Family Ct Act § 249 [b]). Inasmuch as there is no support in the record for the mother’s contention that the AFC was biased against her, there was no reason for the court to appoint a new AFC (see generally Matter of Kristi L.T. v Andrew R.V., 48 AD3d 1202, 1206 [2008], lv denied 10 NY3d 716 [2008]). Finally, the testimony of the father was sufficient to establish that certain audio recordings “accurately represent[ed] the subject matter depicted,” and thus they were properly admitted in evidence (People v Patterson, 93 NY2d 80, 84 [1999]; see Zegarelli v Hughes, 3 NY3d 64, 69 [2004]).
Present—Centra, J.P., Peradot-to, DeJoseph, NeMoyer and Curran, JJ.